WILLIAM SCHROEDER

*v.*

THE TRADE INSURANCE COMPANY OF CAMDEN.

*Filed at Ottawa November 20, 1883.*

1.  INSURANCE—*construction of policy—most favorably to assured.* A policy of insurance will be construed most favorably for the insured in case of uncertainty in its terms, as the language used therein is that of the insurer.

2.  SAME—*warranty against incumbrances—effect of giving a subsequent mortgage.* A policy of insurance issued on personal property on December 17, 1878, contained a clause that a special survey and application made to a different company, dated February 2, 1878, should form a part thereof, and a warranty on the part of the assured of the conditions, situation or occupancy of the property, and making the policy void for any omission to make known every fact material to the risk, etc. On July 11, 1878, the insured had executed a chattel mortgage on the property: *Held,* that the representation and warranty had reference to the facts and the condition of the property at the date of the application, and not that of the issue of the policy in December, 1878, and hence there was no breach of the warranty against incumbrances.

3.  SAME—*agreed state of facts—omission to state the value of the property insured.* A stipulation of facts for the Appellate Court in an action on a policy of insurance failed to state the value of the property destroyed, but gave a description of the same,—as, a two-story frame building, with additions, and an engine and boiler house adjoining, used as a planing mill and sash, door and blind factory, and an engine and boiler, and connections, and fixed and movable machinery, shafting, belting, gearing, pulleys and tools, and stock consisting chiefly of lumber and sash, doors and blinds, situated in the town, etc.: *Held,* that in determining whether the court below erred in finding for the defendant, this court would take judicial notice that there was a value to such property. An appellate court not being called on to assess the damages, it was not necessary the agreed state of facts should state the value of the property.

4.  SAME—*omission to state the time to be covered by the policy.* A policy of insurance on property against loss by fire, in the sum of $500, was silent as to the time the insurance was to cover. Fourteen days after its date the property was destroyed by fire: *Held,* that proof of the issue of the policy and the loss, made out a *prima facie* right of action in favor of the assured, and that the insurance would be regarded as being for a reasonable length of time after the issue of the policy.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. H. H. ANDERSON, for the appellant:

The application must be taken as if made directly to the defendant, and it is made a part of the policy,—its date as well as its other parts.

In case of ambiguity or uncertainty, a policy of insurance will be construed most favorably to secure the interests of the assured. *Niagara Fire Ins. Co.* v. *Scammon*, 100 Ill. 644.

A relation once shown, it will be presumed that it continues. This applies to many relations besides that of insurer and insured. 2 Wharton on Evidence, 1284–1289; Wood on Fire Insurance, p. 4, note 2; 1 Greenleaf on Evidence, sec. 41; Starkie on Evidence, (10th ed.) 760, 761; 2 Best on Evidence, sec. 405; *Eames* v. *Eames*, 41 N. H. 177; *Farr* v. *Farr*, 40 Pa. 615; *Brown* v. *Burnham*, 28 Maine, 38.

The court will take judicial notice that property, such as was destroyed, has a value. As to what they will take such notice, see Bouvier's Law Dic.; 1 Greenleaf on Evidence, sec. 6; Starkie on Evidence, 735; *Solomon* v. *State*, 28 Ala. 83.

Where a breach of a contract is shown, some damages will be inferred or presumed. 1 Sedgwick on Damages, 71, 81; *McAneary* v. *Jewell*, 10 Allen, 151; *Rosenbaum* v. *McThomas*, 34 Ind. 331; *Burnap* v. *Wright*, 14 Ill. 301; *McConnel* v. *Kibbe*, 33 id. 175.

Mr. H. H. C. MILLER, for the appellee:

The application to the Royal Canadian Insurance Company was made a part of the contract, and "a warranty on the part of the assured." A warranty by the assured in relation to the existence of a particular fact must be strictly true, or the policy will not take effect, and this is so whether the

thing warranted be material or not.    *Battles* v. *York County Mutual Fire Ins. Co.* 41 Maine, 208 ; *Loehner* v. *Home Mutual Ins. Co.* 17 Mo. 247.

The inquiry in the application which relates to the condition of the property as to incumbrances, is material, and if the answer given to the inquiry is false, there is a breach of warranty on the part of the assured, and the company is released from all liability under its policy.    *Cox* v. *Ætna Ins. Co.* 29 Ind. 586 ; *Davenport* v. *New England Mutual Fire Ins. Co.* 6 Cush. 340 ; *Howard* v. *New England Mutual Fire Ins. Co.* 10 id. 444 ; *Brown* v. *People's Mutual Fire Ins. Co.* 11 id. 280 ; *Draper* v. *Charter Oak Fire Ins. Co.* 2 Allen, 569 ; *Patten* v. *M. and F. Mutual Fire Ins. Co.* 38 N. H. 338 ; *Packard* v. *Insurance Co.* 3 Gray, 334 ; *Town* v. *Fitchburg Mutual Fire Ins. Co.* 7 Allen, 51.

An incumbrance once proved to have existed is presumed to continue, unless payment, or some other discharge, be either proved or established by circumstances.    Best on Evidence, secs. 42, 405–407 ; 1 Greenleaf on Evidence, sec. 41 ; Wharton on Evidence, secs. 1229, 1284 ; *Brown* v. *King,* 5 Metc. 173 ; *Farr* v. *Payne,* 40 Vt. 617 ; *Leport* v. *Todd,* 32 N. J. Law, 129 ; *Bell* v. *Young,* 1 Grant, (Pa.) 175 ; *Murphy* v. *Orr,* 32 Ill. 489 ; *Norton et al.* v. *Joy,* 6 Bradw. 406.

Mr. Chief Justice Sheldon delivered the opinion of the Court :

This was an action of assumpsit, brought by William Schroeder, against the Trade Insurance Company of Camden, New Jersey, to recover for a loss under a policy of insurance against fire.    The trial before the county court, without a jury, resulted in a judgment for the defendant, which was affirmed by the Appellate Court for the First District, and the plaintiff appealed to this court.

Neither the pleadings nor the evidence, at the trial, are embodied in the record, but in lieu thereof there is an agreed

statement of the pleadings and facts.   It is admitted that the plaintiff filed a proper declaration, and that the defendant pleaded the general issue, and a special plea, setting up a warranty against incumbrances on the property insured, and its breach.   It is also admitted that the defendant, by its policy of insurance dated December 3, 1878, insured certain described property belonging to the plaintiff against loss or damage by fire, in the sum of $500 ; that the policy contained a provision making a certain application for insurance by the plaintiff to another insurance company, bearing date February 2, 1878, a part of the policy, and a warranty on the part of the assured that said application contained a statement that the property was unincumbered ; that on the 11th day of July, 1878, the plaintiff had executed a chattel mortgage on the property to one Thomas Richter, to secure the plaintiff's promissory note of that date to mature two years thereafter, and that on the 17th day of December, 1878, the property described in the policy was destroyed by fire.

The provision as to making a certain former application part of the policy, is as follows :   "It is hereby agreed that the special survey and application, No. 356,740, of the Royal Canadian Insurance Company, on file in the office of John Naghten, Chicago, Illinois, shall form a part of this policy, and a warranty upon the part of the assured."   The stipulation shows also this condition in the policy :   "If an application, survey, plan or description of the property herein insured is referred to in the policy, such application, survey, plan or description shall be considered a part of the contract, and a warranty by the assured of the conditions, situation or occupancy of the property, or any omission to make known every fact material to the risk, or an over-valuation, or any misrepresentation whatsoever, either in the written application or otherwise,   *   *   *   then, and in every other such case, this policy shall be void."

The application upon which the warranty sued on is founded, is one "referred to in the policy," viz., an application made to the Royal Canadian Insurance Company, on February 2, 1878. The policy declares what shall be the effect of referring in the policy to an application, and it is, that such application shall be a part of the contract, and "a warranty by the assured of the conditions, situation or occupancy of the property." The condition, situation or occupancy of the property at what time? That is the question here. Is it at the time of making the statement in the application, (February 2, 1878,) or at the date of the policy— December 3, 1878? The assured has certainly made no express representation that on December 3, 1878, the property was unincumbered. All his express representation is in his application dated February 2, 1878. He there and then represented that the property at that time was not incumbered. That representation was true. There was no incumbrance until July 11, 1878. Does the making of that application a part of the policy, and a warranty on the part of the assured, give to the representation made in that application the effect of a representation of the condition of the property at the time of the policy? Not necessarily so. There is thereby, by such adoption of the former application, a warranty, and it is of the truth of the representation in that application that the property was unincumbered on February 2, 1878. The warranty need not, from the language used, be more than that. That may not, perhaps, meet the intention of the insurance company. It may have supposed the adoption of that former application was making the representation of the condition of the property at the former time a representation of its condition at the time of issuing the policy. But it is far from certain that that would be carrying out the intention of the assured. He knew there were no untrue representations in the former application, and so might have no hesitancy in making that application a part

11—109 ILL.

of the policy, not intending to make, and not thinking that thereby he was making, any representation of the present condition of the property. Had he been asked, on December 3, 1878, (the time of making this policy,) whether there was any incumbrance on the property, he doubtless would have answered there was.

To give the adoption into a policy of an application made at some former time, the effect of a representation as to the present condition of the property insured, it would seem but fair to require that there shall be some language which will suggest to the mind the idea of representation as to present condition, so that the assured may not, by general language of such adoption, be entrapped into the making of representations which he never designed to make. We are of opinion that the representation relied on here should be taken as a representation only that the property was unincumbered on February 2, 1878, (the date of the application,) and not as a representation that it was unincumbered on December 3, 1878, and hence, that there is no breach of warranty in the case. We think this the construction justified by the rule applied to these insurance contracts, where the language used is that of the insurer, of construing the policy most favorably for the insured in case of uncertainty in its terms. *Niagara Fire Ins. Co.* v. *Scammon,* 100 Ill. 644.

The decision of the Appellate Court appears to have been on the grounds, first, that the term of the policy was not shown by the record to have continued up to the time of the fire; second, the value of the property was not shown. We incline to a different view on both these points. The stipulation shows that the policy was issued December 3, 1878, and it is true that it is entirely silent as to the term of the insurance. But it does state "that the defendant, by its policy dated December 3, 1878, insured said property against loss or damage by fire, in the sum of $500." Loss by fire is shown. This certainly was, literally, a breach, making an

apparent cause of action, which would seem to make it incumbent on defendant to show, by way of rebuttal, that the insurance did not cover the loss. That was not shown, we incline to think, by the mere facts that the length of time of the insurance was not mentioned, and that the loss occurred on December 17, 1878,—fourteen days after the date of the policy. The making of the contract of insurance was not a mere idle thing—it had a substantial purpose and meaning. There was certainly insurance for some time, and if for any period of time, might well be taken to have been for so long a time as fourteen days. Some meaning must be given to the insurance, and it must be regarded, we think, as at least for a reasonable time. There is nothing showing the period of fourteen days to be an unreasonable time. Being insured on December 3, 1878, might raise the presumption of a continuance of the insurance on the 17th of that month, there appearing no circumstance to the contrary, under the principle that when the existence of a particular subject matter or relation has once been proved, its continuance is presumed till proof be given to the contrary.

As to the value of the property destroyed not being shown, it is true that it is not shown in express terms. The description of the property affords ground of inference as to its value. The stipulation gives the description of the property as a two-story frame building, with additions, and an engine and boiler house adjoining, used as a planing mill and sash, door and blind factory, and an engine and boiler and connections, and fixed and movable machinery, shafting, belting, gearing, pulleys and tools, and stock, consisting chiefly of lumber, sash, doors and blinds, situated in the town of Sycamore, etc. We may take judicial notice that there is a value belonging to such property, and that where there is a right of recovery of damages for the destruction of the property, it is a right to recover something more than nominal damages,— to recover substantial damages. It is to be noted that the

stipulation was not prepared for the trial court, but for the Appellate Court, where there would be no assessment of damages. The cause had been tried in the lower court, and judgment rendered for the defendant, and afterward, and after the appeal had been taken, on coming to make up the bill of exceptions, it recites: "In order to condense the record herein, the following statement of facts and pleadings is agreed upon," setting out the same; and the bill of exceptions afterwards states, "and the case is now presented to the Appellate Court, on appeal, on the above statement of facts, and that the court is asked to decide whether or not the county court erred in so finding for the defendant." If there was a right of recovery, plaintiff should have had judgment for at least nominal damages, and the lower court would have erred in finding for the defendant; and whether the court did err in so finding, is what the parties asked the Appellate Court to decide. Had the Appellate Court decided that the judgment for the defendant was erroneous, it would then have remained to have inquired into and assessed the amount of plaintiff's damages, upon another trial, after the return of the case to the county court. Thus it would seem to have been the purpose of the agreed statement to present in the Appellate Court the question only of mere right of recovery.

For the reasons stated, we are of opinion the judgment of the Appellate Court should be reversed, and the cause remanded, which is accordingly done.

*Judgment reversed.*

SCHOLFIELD and MULKEY, JJ.: We are unable to concur either in the reasoning or the conclusion as announced in the foregoing opinion.