# MUTUAL LIFE INSURANCE COMPANY *v.* ALLEN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH
CIRCUIT.

No. 455.   Argued March 14, 15, 1900.—Decided May 28, 1900.

*Mutual Life Insurance Company* v. *Sears, ante,* 345, followed.

THE case is stated in the opinion.

*Mr. Julien T. Davis* and *Mr. John B. Allen* for petitioner.
*Mr. Edward Lyman Short* and *Mr. Frederic D. McKenney*
were on their brief.

*Mr. Stanton Wartburton* and *Mr. Harold Preston* for respond-
ent.   *Mr. Eben Smith* was on their brief.

MR. JUSTICE BREWER delivered the opinion of the court.

This case is, in all material respects, similar to that of *Mutual
Life Insurance Company* v. *Bessie F. Sears, Executrix,* just de-
cided.   The answer of the company, which was demurred to,
and the demurrer sustained, contained these allegations:
"That neither the said Samuel B. Stewart, nor any one on
his behalf, ever paid, or offered to pay, any premium, or any
part of any premium due, or to become due or payable on said
policy, save and except the first premium, which was paid upon
the delivery of said policy, and which covered the period from
the date of said policy until the eighteenth day of February,
1894.   That the said Samuel B. Stewart was at all times ad-
vised and informed that default had been made by him in the
payment of each and every premium, and the whole thereof,
due on said policy, subsequent to the said first annual premium
paid at the delivery of said policy; and that the said Samuel B.
Stewart in his lifetime never paid or offered to pay any pre-

mium, or any part of any premium, due upon said policy subsequent to that paid upon the delivery thereof as aforesaid. That it was expressly in said policy provided that the insurance thereon was payable to the insured, Samuel B. Stewart, or his assigns; that the said Samuel B. Stewart never made any transfer or assignment of said policy of insurance; that the said defendant entered and noted said policy of insurance upon its books as forfeited and lapsed for failure to pay the annual premium falling due on said policy on said eighteenth day of February, 1894. That the said Samuel B. Stewart was at all times advised that defendant had so treated said policy as lapsed and forfeited, and notwithstanding said notice, and notwithstanding the said Samuel B. Stewart was at all times advised, he had not paid the premium due on said policy February 18, 1894, consented to the forfeiture and termination of said policy of insurance; and with a mutual knowlege and understanding on the part of defendant and said Samuel B. Stewart, the said policy was at all times by the said parties deemed terminated from and after the eighteenth day of February, 1894; and relying upon such knowledge and mutual understanding, the said defendant never subsequently mailed or served any notice of the due date of premiums to or upon said Samuel B. Stewart during his lifetime, and the said Samuel B. Stewart, at all times knowing that the defendant was treating said policy as forfeited and lapsed, and at all times knowing that he had not paid or tendered payment of any premium upon said policy subsequent to the first annual premium paid as aforesaid on the delivery of said policy, acquiesced in and agreed to the said mutual understanding that the said policy was lapsed and forfeited, and by mutual agreement and consent both the said defendant and said Samuel B. Stewart agreed and consented to the lapsing and forfeiture of said policy of insurance from and after the eighteenth day of February, 1894."

From this answer it distinctly appears that Stewart, who was both the insured and the beneficiary, knew when the second annual premium became due, was informed of his default in the matter of payment, and both he and the company agreed to

the ending of the contract. Under these circumstances, and without considering any other question,

*The judgments of the Court of Appeals of the Ninth Circuit and of the Circuit Court of the United States for the District of Washington are reversed, and the case remanded to the latter court with instructions to overrule the demurrer to the answer of the defendant.*

MR. JUSTICE PECKHAM did not sit in the hearing and took no part in the decision of this case.