## Mayme Bethke, Appellee, v. Cosmopolitan Life Insurance Company, Appellant.

### Gen. No. 34,933.

Opinion filed October 9, 1931.   Rehearing denied October 21, 1931.

RUFUS M. POTTS, C. W. ARMSTRONG and F. X. BRICK-LEY, for appellant.

ADER & ADER, for appellee; DAVID B. ROTHSTEIN, of counsel.

MR. JUSTICE KERNER delivered the opinion of the court.

Plaintiff sued defendant in the municipal court of Chicago on two life insurance policies in which Otto J. Bethke, her husband, was the insured. The case was tried by the court without a jury. Judgment was entered against the defendant for $2,476.40, being the amount of the policies and interest, from which the defendant appealed.

Plaintiff in her statement of claim alleged that June 20, 1927, the American Benefit Life Insurance Company issued to Otto J. Bethke its two policies of insurance in the sum of $1,000 each, payable to plaintiff; that July 1, 1929, the defendant, in consideration of the acceptance by the insured of its policies upon the life of Otto J. Bethke, in lieu of policies issued by the American Benefit Life Insurance Company, agreed by the terms therein stated to pay plaintiff $1,208 on each of said policies, if the death of Otto J. Bethke occur within one year after July 1, 1929; that March 4, 1930, Otto J. Bethke died; that at the time of his death all premiums had been paid; that plaintiff gave notice of said death to defendant and furnished proof thereof; that the insured during his lifetime faithfully performed all the terms and conditions of the policy; that plaintiff fulfilled all of the conditions of the policy and that defendant has refused to pay plaintiff the sum provided for in each of said policies.

Defendant did not deny the payment of premiums and the furnishing of proof of death, but claimed as a defense that the policies were null and void because the statements made by the insured in his application for the American Benefit Life Insurance Company's policies pertaining to his physical condition and state

of health were false; that the insured accepted defendant's policies in lieu of the American Benefit Life Insurance Company's policies and the applications therefor became and were a part of the defendant's policies and became and were warranties in and to the defendant's policies; that it relied on the truth of said warranties and that the insured had been guilty of fraud in making the claimed false statements.

The facts show plaintiff is the widow of Otto J. Bethke, who died March 4, 1930; that on June 20, 1927, the American Benefit Life Insurance Company, which for brevity we shall hereafter designate as the American Company, issued its two policies to Otto J. Bethke to which were attached the applications of Otto J. Bethke in which he represented he had never been treated for a large number of specified diseases and that he was in good health. The policies contained a provision that they shall be incontestable after they have been kept in continuous force for one full year during the life of the insured, except for the non-payment of assessments, misstatement of age, and suicide. April 29, 1929, the defendant entered into an agreement with the American Company in which it assumed the outstanding policies of the American Company and agreed it would be liable in the same manner as the American Company, notwithstanding any differences in the printed conditions in the forms of policies issued by the two companies. July 1, 1929, the defendant issued to Otto J. Bethke the two policies sued on, each of which recited that it was issued in lieu of the policies of the American Company and that the payment of the premium should constitute substitution and acceptance by the insured of the policies for the policies issued by the American Company, and recited that the policies and the applications, copies of which were attached thereto and made a part of the contract, constitute the entire contract between the parties. To

these policies were attached photostatic copies of the applications made by the insured to the American Company. The insured made no application for insurance to the defendant, and the defendant did not require of the insured any new representations or warranties as to the state of his health at the time the policies in question were issued or to the truth of the representations or warranties in the applications made to the American Company. Otto J. Bethke had not in any way solicited or contracted with the defendant for insurance, excepting the statement in the policies in question, that payment of the premium would constitute substitution and acceptance. The policies issued by the American Company were in the possession of the plaintiff from the date of their issue up to the time of the death of the insured and were, on the trial of the case, offered and received in evidence over the objection of the defendant. The two policies issued by the defendant were received by the plaintiff and they, too, were in her possession at the time of the assured's death and were received in evidence without objections. The agreement between the American Company and defendant was received in evidence over the objections of the defendant. Thereupon the plaintiff rested her case. The defendant then offered to show that the assured in 1919 had been treated by a physician for influenza and had suffered from bladder trouble and gonorrhea and that from March, 1929, to the time of his death, he was in bad health, to which plaintiff objected and the objection was sustained.

It is argued, and the principal contention of the defendant is, that the agreement between the defendant and the American Company was a contract of reinsurance which indemnified the American Company against the risk it had already assumed and that it created no privity of contract between the defendant and the insured. Reinsurance has been defined to be

a contract that one insurer makes with another to protect the first insurer from a risk he has already assumed, and it operates solely between the insurer and the reinsured, and creates no privity whatever between the reinsured and the person originally insured, the reinsurer being in no respect liable to the person originally insured. (*Vial v. Norwich Union Fire Ins. Soc.*, 257 Ill. 355.) For a proper solution of the instant case it will be necessary to construe the agreement between the American Company and the defendant. The defendant in *Sutton v. North American Accident Ins. Co.* (Mo. App.), 208 S. W. 499, issued its policy of insurance to the assured under a reinsurance agreement with the insuring company in which policy it recited that the policy was issued in consideration of the representations and warranties contained in the application made to the insuring company which application was made a part of the policy. The policy of the insuring company, as well as the policy of the reinsuring company, each contained a provision that the insurer would not be liable under its policy unless the last illness of the insured was contracted *after* the delivery of the policy. The last illness of the assured was contracted *after* the delivery of the insurers' policy and *before* the delivery of the reinsurer's policy. The reinsurer contested its liability on that ground. The court, on page 501, said:

"Our reason for holding that plaintiff was entitled to recover as a matter of law is that it is apparent from the policies, the application, and the contract between the two companies that the policy of insurance issued by the defendant was merely a reissuance of the policy of insurance issued by the Western Company, and that the provision in the policy issued by the defendant that defendant should not be liable for the amount sued for under the policy unless the sickness from which death resulted was 'contracted and begins after the date

hereof' is simply a restatement of a similar provision in the policy issued by the Western Company. As the sickness from which insured died began after the date fixed in the policy issued by the Western Company as the date after which the sickness might begin from which insured died, to make the Western Company liable, then defendant is likewise liable under its policy.''

In *Cahen v. Continental Life Ins. Co.,* 69 N. Y. 300, the court held that since the reinsurance policy was issued under a reinsurance agreement, the insured having made no application for insurance to the reinsurance company, it could not contest its liability under its policy because of false answers in the application since it agreed to assume the outstanding risks of the insuring company and the insuring company would have been liable under its policy. See also *Shoaf v. Palatine Ins. Co.,* 127 N. C. 308; *Whitney v. American Ins. Co.,* 127 Cal. 464, 59 Pac. 897; s. c., 6 Cal. Unrep. Cases 220, 56 Pac. 50; *Empire Life Ins. Co. v. Landman,* 213 Ala. 248; *Barnes v. Hekla Fire Ins. Co.,* 56 Minn. 38. We believe that the agreement is not merely a contract of reinsurance, but is one in which the defendant assumed the policies by the American Company and agreed to pay the losses of parties indemnified by the policies issued by the American Company. By the agreement, the defendant agreed upon the receipt of certain papers and data it would *ipso facto* assume the risk, i. e., the policies issued upon the life of Otto J. Bethke, and that it would be liable in the same manner as the American Company, and the assured had the same rights against the defendant that he had against the American Company. Such an agreement is valid and, when made, the reinsuring company is bound. (*Weil v. Federal Life Ins. Co.,* 264 Ill. 425.) By assuming the policies the defendant undertook to discharge the obligations of the American

Company to its policyholders, and the beneficiaries might sue the reinsuring company. (*Weil v. Federal Life Ins. Co., supra.*) The agreement was properly admitted in evidence.

It is also urged that the policies issued by the American Company did not affect or control the rights of the plaintiff or the liability of the defendant and were therefore improperly admitted in evidence, the defendant claiming it issued its policies on the strength of the applications attached to its policies and in lieu and substitution for the American Company policies, the policies being distinct, separate and independent contracts, and cite *Lamb v. Mutual Reserve Fund Life Ass'n,* 106 Fed. 637; *Finley v. New Brunswick Fire Ins. Co.,* 193 Fed. 195; *Equitable Life Assur. Society v. Stough,* 45 Ind. App. 411, 89 N. E. 612; *Larsen v. Thuringia American Ins. Co.,* 208 Ill. 166; *Schroeder v. Trade Ins. Co. of Camden,* 109 Ill. 157, and other cases. We have examined all of the cases cited; they are not applicable to the facts as disclosed by the record in the instant case. In none of the cases cited did the reinsurer enter into an agreement to assume the outstanding risks of the insuring company. In *Lamb v. Mutual Reserve Fund Life Ass'n, supra,* there was a formal cancellation of the first certificate. *Finley v. New Brunswick Fire Ins. Co., supra,* was in assumpsit on a fire insurance policy which had been canceled and a new policy substituted; in *Equitable Life Assur. Society v. Stough, supra,* the insured had voluntarily rescinded his contract of insurance and surrendered his policy; *Schroeder v. Trade Ins. Co. of Camden, supra,* was an original fire insurance policy and the application contained a statement that the property was unencumbered. The facts show it was encumbered. In *Larsen v. Thuringia American Ins. Co., supra,* a fire insurance policy was canceled and the insured accepted another policy in lieu of the canceled policy.

There was no reinsurance agreement between the two insuring companies. The warranties and representations in the applications in the instant case were made to the American Company to induce it to issue the policies and were not made to the defendant. The defendant did not require any statement from the insured that the warranties and representations were true when made, or at the time of the issuance of the policies of the defendant. Furthermore, when the defendant assumed the outstanding policies of the American Company and agreed to be liable in the same manner as the American Company, its liability was the same as that of the American Company (*Sutton v. North American Accident Ins. Co., supra*), and it could not defeat its liability on its policies in the instant case by inserting new provisions (*York v. Central Illinois Mutual Relief Ass'n,* 256 Ill. App. 8), and so that the court might be properly advised in the contents of the American Company's policies, they were properly admitted in evidence, and in so ruling the court committed no error.

It is next contended the defendant should have been permitted to prove that the insured had been treated in 1919 for influenza and had suffered from bladder trouble and was not in good health at the time of the issuance of the defendant's policies. The policies issued by the American Company were issued on June 20, 1927, and provided that they would be incontestable one year after date, except for nonpayment of assessments, misstatement of age and suicide. In the agreement of April 29, 1929, between the American Company and the defendant, the defendant assumed the policies issued to the assured and agreed that it would be liable in the same manner as the American Company, notwithstanding any difference in the printed conditions in the forms of policies issued by

the two companies. The American Company could not have offered the evidence offered by the defendant, as the period for contesting the policy had run, and the defendant was in no better position than the American Company. (*Monahan v. Metropolitan Life Ins. Co.,* 283 Ill. 136; *Ramsey v. Old Colony Life Ins. Co.,* 297 Ill. 592.) There was no error in sustaining the objection to this testimony.

It is finally contended that it was incumbent upon plaintiff to prove the assured was in good health on July 1, 1929, the date of the policies. The plaintiff proved the issuance and acceptance of the policies; the death of the insured; that she was his widow and the beneficiary named in the policies, and alleged the payment of the premiums and the furnishing of proofs of death, which was not raised as an issue in this cause. Under this state of the record she has shown a prima facie right to recovery. (*Continental Life Ins. Co. v. Rogers,* 119 Ill. 474; *Hatch v. Royal League,* 233 Ill. App. 598, and *Benes v. Bankers' Life Ins. Co.,* 282 Ill. 236.)

Finding no reversible error and believing the judgment was right it is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.