## Charles Wood, Appellee, v. Cosmopolitan Life Insurance Company, Appellant.

Opinion filed June 9, 1932.

J. G. BURNSIDE and GILBERT F. WAGNER, for appellant.

ARTHUR ROE and CHARLES R. MYERS, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On September 14, 1926, Nellie Wood made an application to the American Benefit Life Insurance Company for a policy of insurance and during the following month a policy was issued to her in which appellee was the beneficiary. On April 29, 1929, appellant entered into an agreement with the American Company in which it assumed the outstanding policies of the American Company and agreed it would be liable in the same manner as the American Company, notwithstanding any differences in the printed condi-

tions in the forms and policies issued by the two companies. The original policy contained a provision that it would be incontestable after it had been kept in continuous force for one full year during the life of the insured, except for nonpayment of assessments, misstatement of age and suicide. On July 1, 1929, without any further application from the insured, appellant issued its policy covering the same risk and inserted therein the old application as a part of its policy. The new policy was mailed to the insured and the old policy was never surrendered so far as the record shows. All premiums were paid and the insured died August 7, 1930.

Appellee averred and proved the issuance of the policy, the payment of all premiums and the furnishing of proof of death, etc. Appellant filed pleas to the effect that the policy was null and void because the statements made by the insured in her application to the American Company pertaining to her physical condition and state of health were false, etc. Issues were joined and the trial resulted in a verdict and judgment for $990. The pleas presented no defense to the action. That feature of the case is fully discussed in *Bethke v. Cosmopolitan Life Ins. Co.,* 262 Ill. App. 586, and we are fully in accord with the conclusions there announced.

The policy issued by appellant contains a provision that it shall be incontestable after two years. That provision is of no force for the reason that under the agreement between the two insurance companies appellant agreed that it would be liable in the same manner as the American Company, notwithstanding any differences in the printed conditions in the forms and policies issued by the two companies. In a case of this kind provisions placed in a new policy which are in conflict with the provisions of the old policy are not binding. *York v. Central Illinois Mut. Relief Ass'n,*

340 Ill. 595. Appellee is entitled to maintain his suit because of the agreement made between the two companies. *Weil v. Federal Life Ins. Co.*, 264 Ill. 425.

The application made to the American Company contained a provision to the effect that said company assumed no liability whatever until the application was received and accepted at the Home Office and the policy actually delivered to the insured during her lifetime and while in good health. Appellant insists that said provision created a condition precedent which appellee was bound to aver and prove before he would be entitled to recover. We recently considered that question and reached the opposite conclusion in *James v. National Life & Accident Ins. Co.*, 265 Ill. App. 436. It is unnecessary to repeat here what we said in that case.

Appellant submitted a special interrogatory asking the jury to find whether the insured ever had any treatments by or consultations with physicians during the last five years immediately preceding September 14, 1926, and the question was answered in the affirmative. It is argued that because the application contained a statement that there had been no such treatments or consultations for that five-year period and the jury found to the contrary, appellant was entitled to a judgment notwithstanding the general verdict. That contention is of the same character as the alleged false statements in regard to health and is fully answered in the *Bethke* case, *supra*. Under the undisputed evidence in the record appellee was entitled to recover and no reversible error having been shown the judgment is affirmed.

*Affirmed.*