C. O. Sypolt *v.* Pomona Mutual Fire Insurance Company of Preston and Monongalia Counties

(No. 8064)

Submitted May 7, 1935. Decided June 4, 1935.

Hatcher and Maxwell, Judges, dissenting.

*F. E. Parrack,* for plaintiff in error.
*J. V. Gibson,* for defendant in error.

Litz, President:

This is an action on a mutual fire insurance policy in which plaintiff, Mrs. C. O. Sypolt, recovered judgment against de-

fendant, Pomona Mutual Fire Insurance Company, for $1,264.23.

The policy, covering a dwelling, barn, granary and personal property therein, was issued by defendant to plaintiff April 19, 1930, upon an application executed March 14, 1930. Responding to a question in the application, "Is there any lien by deed of trust, judgment or otherwise on the property insured?", plaintiff answered "No." April 1, 1930, she conveyed the real estate upon which the buildings were located to I. R. Mattingly to secure S. D. Albright in the payment of $1,700.00.

Section 3, article 1 of the by-laws of the company, printed upon the policy, provides: "This Company will not insure encumbered property for more than one-half of its actual cash value. In case of loss or damage to such property, this. Company will make no payment until fully instructed as to the party to whom the money is legally due, and if the property insured under this policy become encumbered without the written consent of this Company, then this policy shall be null and void, and if the property insured therein becomes involved in litigation or foreclosure proceedings or be advertised to be sold under deed of trust, then this policy shall become void." Defendant filed special pleas numbered 3, 4 and 5. No. 3 avers that the statement in the application, that the property insured is unencumbered, was false. No. 4 charges that the encumbering of the property after the execution of the application renders the policy void. No. 5 charges in effect that the encumbering of the property by plaintiff after the application and before the issuance of the policy, without notice to the defendant, renders the policy void. It is not specified in any of the pleas that the policy contains any invalidating provision either for false statements in the application or fraud in connection with the insurance. Demurrers to pleas 3 and 4 having been sustained, the case was tried to a jury upon plea No. 5 and the replication thereto, the verdict being limited to one-half the value of the property as stated in the policy. As the statement in the application was true and the property did not "become encumbered" after the issuance of the policy, the defense and the numerous assign-

ments of error relating to the trial necessarily depend upon plea No. 5.

Defendant apparently would read into the policy a provision invalidating the instrument for a prior encumbrance on the property. This will not be permitted. The court cannot make or vary the contract of insurance to meet or fulfill any notions of abstract justice or moral obligation, no matter how stringent its terms may be. "* * * the courts may not lawfully conceive and ingraft exceptions upon the contract; or write a forfeiture provision into a policy of insurance; * * *." Couch, Ency. of Ins., Vol. 1, p. 378. In an annotation to *Springfield Fire & Marine Ins. Co.* v. *National Fire Ins. Co.,* [(C.C.A.) 51 Fed. (2d)' 714], 76 A. L. R. 1295, it is stated: "In the absence of a provision that a change in the conditions between the time of making the application and the date of issuance of a policy shall avoid the risk, it is held that the fact that, between the date of the making of an application for a policy of fire insurance and the date fixed for the inception of the risk, a change has occurred, increasing the risk, or changing the conditions or situation of the property from that which existed at the time of making, or was represented in, the application, does not avoid the policy, the condition or representation being held to refer to the condition or situation at the time the application was made." 26 C. J., sec. 225, p. 185, states the rule as follows: "If the statements of the application are true when made, insurer assumes the risk of a change in the condition of the property or circumstances in the interim prior to the granting of the policy." *Schroeder* v. *The Trade Insurance Company of Camden,* 109 Ill. 157, holds that an encumbrance placed on property, insured against loss by fire, between the dates of the application and the issuance of the policy is consistent with a statement in the application that the property is unencumbered.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*

MAXWELL, JUDGE, dissenting:

I am unable to give concurrence to the foregoing decision.

The policy provides that "if the property insured under this policy become encumbered without the written consent of the company, then this policy shall be null and void." The plaintiff did place an encumbrance (deed of trust) on the property without the written consent of the company, and, in fact, without its knowledge.

The majority of the court holds that this encumbrance did not avoid the policy under the above contractual provision because it was created subsequent to the application and prior to the issuance of the policy; that the insurer assumed all risk of change of status of the property between the date of the application and the date of the policy.

The conclusion, I submit, is not consonant with fair dealing, nor within the spirit and purpose of the contractual provision quoted. It is obvious that insurance companies should be reluctant to insure encumbered buildings against fire. If an insured, after truthfully stating that his property is unencumbered, may with legal propriety, hastily encumber it without the knowledge of the insurer, before the policy is issued, opportunity for fraud is thereby greatly fostered.

The interim here between date of application and date of policy was thirty-five days. The principle applied by the majority would be just the same if the interim were two hours. At 10 A.M. an applicant for a fire insurance policy might truthfully represent to the insurance company that the property was wholly unencumbered; yet between that hour and the issuance of the policy at noon the applicant might secretly encumber the property. Under the majority opinion, such fraudulent conduct of the insured would not void the policy because, forsooth, it was the duty of the insurer to discover the iniquity.

A contract of insurance is a contract *uberrima fides* (utmost good faith). 65 Corpus Juris, p. 1187. The good faith essential to such a situation must be manifested by the insured as well as the insurer. The requirement is reciprocal.

In my opinion the authorities relied on do not sustain the decision.

For these reasons I think the judgment should be reversed.

Judge Hatcher authorizes me to say he concurs in this dissent.