YHT, INC., Plaintiff,

v.

**OXFORD/PROGRESSIVE GROUP doing business as
PROGRESSIVE INSURANCE COMPANY (PAGO PAGO), LTD.;
PROGRESSIVE INSURANCE COMPANY (APIA), LTD.;
OXFORD PACIFIC INSURANCE COMPANY; INSURANCE
COMPANY OF THE PACIFIC; THE BOSTON GROUP;
and DOES 1-5, Defendants.**

High Court of American Samoa
Trial Division
CA No. 92-00

February 21, 2001

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Paul F. Miller
For Defendants, William H. Reardon

## ORDER ON MOTIONS TO COMPEL DISCOVERY AND MOTION FOR PROTECTIVE ORDER

Plaintiff YHT, Inc., ("YHT") started to take the deposition upon oral examination of a Defendant Oxford/Progressive Group ("Progressive") representative, specifically of the entity identified as Progressive Insurance Company (Pago Pago), Ltd. During the deposition, the representative, Julian E. Ashby, refused to identify the reinsurers that may have responsibility for any liability imposed on Progressive under the insurance policy at issue in this case. On October 17, 2000, YHT moved, pursuant to T.C.R.C.P. 25 and 30, to compel Progressive, during the discovery process, to reveal the identity of any and all reinsurers that may be liable under the insurance policy at issue in this case, and generally to require cooperation in discovery proceedings. In response, Progressive moved, pursuant to T.C.R.C.P. 30(d), for a protective order to limit the scope of the oral examination deposition. We deny the motion to compel discovery and grant the protective order.

*1. Motion to Compel Discovery*

The first issue concerns whether discovery may be conducted as to reinsurers. T.C.R.C.P. 26 governs the liberal scope of discovery allowed in the trial court. T.C.R.C.P. 26(b)(2) specifies the scope allowed for discovery pertaining to insurance agreements. It states:

> A party may obtain discovery of the existence and contents of *any insurance agreement* under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

T.C.R.C.P. 26(b)(2) (emphasis added). The question is thus whether the statute contemplates, and common law allows, the inclusion of reinsurance agreements in its formulation of "any insurance agreement."

A contract of reinsurance is defined by A.S.C.A. § 29.1590 as a contract by which "an insurer procures a third person to insure him against loss or liability by reason of such original insurance." Under such a contract, the reinsurer essentially indemnifies the original insurer against the loss or liability that insurer has incurred under a separate

32

contract with the original insured. *Fontenot v. Marquette Cas. Co.*, 247 So. 2d 572, 574-76 (La. 1971).

Given this definition, the plain language of T.C.R.C.P. 26(b)(2) would allow for discovery regarding the existence and contents of "any insurance agreement" between a reinsurer and insurer. Our reading is taken from the explicit language in the rule which allows discovery regarding contracts where the "[insurer] may be liable to . . . indemnify or reimburse for payments made to satisfy the judgment [entered in the action]." T.C.R.C.P. 26(b)(2). Since a reinsurer would be liable to an insurer to indemnify payments made to an original insured to satisfy a judgment, we hold that discovery of the existence and contents of insurance agreements between reinsurers and insurers is allowed under T.C.R.C.P. 26(b)(2).

*2. The Issue of Relevancy*

■ Despite the above finding, we exercise our discretion under the general preface of T.C.R.C.P. 26, which enables us to limit the scope of Rule 26(b) provisions so long as they are in accordance with the rule.[1] Specifically, we rule according to the provision T.C.R.C.P. 26(b)(1), which was applied in *Johnson v. Coulter*, 25 A.S.R.2d 84, 87 (Trial Div. 1993), and cited by YHT. This rule requires that discovery be both non-privileged and relevant to the subject matter in the pending action. T.C.R.C.P. 26(b)(1).

■ We find that the existence and content of Progressive's reinsurance contracts are irrelevant to the subject matter before the Court. A reinsurance contract is made by the original insurer for its own protection as to the whole or part of a risk. *People ex rel. Sea Ins. Co. v. Graves*, 8 N.E.2d 872, 873, 874 (N.Y. Ct. App. 1937). Reinsurance is neither double insurance nor co-insurance.[2] A reinsurance contract creates

---

[1] The preface to Rule 26 states, "[u]nless otherwise limited by order of the court in accordance with these rules." T.C.R.C.P. 26.

[2] "Double insurance" or "co-insurance" exists when the same party is separately insured by several insurers with respect to the "same subject, interest and risk." A.S.C.A. § 529.1583; *see also Pink v. Fidelity & Deposit Co. of Maryland*, 15 F. Supp. 715, 716 (S.D.N.Y. 1936); *Providence-Washington Fire Ins. Co. v. Atlanta-Birmingham Fire Ins. Co.*, 166 F. 548, 553 (C.C.N.D. Ga. 1909); *Ocean S.S. Co. v. Aetna Ins. Co.*, 121 F. 882, 887 (S.D. Ga. 1903). "Reinsurance," however, is a contract to indemnify the entity reinsured, which binds the reinsurer to pay the reinsured party, to the extent it is reinsured, for the loss sustained as defined by the subject matter of the insurance. This is independent of the interest, loss, or ability to pay of the original party insured.

privity only between the reinsurer and the reinsured. It protects the first insurer from a risk he has already assumed, and "creates no privity whatever between the reinsured and the person originally insured, the reinsurer being in no respect liable to the person originally insured." *Bethke v. Cosmopolitan Life Ins. Co.*, 262 Ill. App. 586, 591 (Ill. App. 1931); *see also Hunt v. New Hampshire Fire Underwriters' Ass'n*, 38 A. 145, 147 (N.H. 1985); *Southwestern Surety Ins. Co. v. Stein Double Cushion Tire Co.*, 180 S.W. 1165, 1168 (Tex. Civ. App. 1915); *Philadelphia Ins. Co. v. Washington Ins. Co.*, 23 Pa. 250, 253 (Pa. 1854). As stated in *Thomas v. Land*, 30 S.W.2d 1035, 1037 (Mo. Ct. App. 1930), "no rights could accrue to [the original insured] by virtue of such contract of reinsurance."

Thus, we reject all arguments by YHT's counsel made in the document submitted on October 25, 2000, entitled the "Attorney's Declaration in Support of Motion to Compel." In this document, counsel declares "under penalty of perjury" that YHT has asserted claims based on A.S.C.A. § 29.1537 against unknown defendants Does 1-5, and that the identity of these defendants is "central to the theory of liability asserted as is the extent of that liability." First, contrary to counsel's avowal, there are *no claims* pleaded in the complaint pertaining to defendants Does 1-5, nor any mention of A.S.C.A. § 29.1537. Second, A.S.C.A. § 29.1537, which grants injured persons a right of direct action against insurers and is liberally construed by the courts, *Holland v. Haleck's Island Motors*, 15 A.S.R.2d 44, 46 (Trial Div. 1990), is not applicable to reinsurers by any courts of the United States or western world. As held in *Fontenot*, 247 So.2d at 580, "[t]he direct action statute is not applicable to reinsurance policies where neither a novation of the original policy obligation nor a merger of the companies has occurred." *See also Arrow Trucking Co. v. Cont'l Ins. Co.*, 465 So. 2d 691, 692 (La. 1985); 19 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE 2d § 80.69, at 676 (1983).

■ Accordingly, discovery of the identity of reinsurers and their contracts with Progressive are not relevant to the subject matter of this case at hand. Counsel should exercise caution in swearing to averments. Progressive should consult T.C.R.C.P. 41 as regarding Does 1-5.

The plain language of T.C.R.C.P. 26(b)(2) allows YHT to conduct discovery as to any insurance agreements, including those between Progressive and its reinsurers. We exercise our discretion, however, to limit this power because YHT's discovery does not meet the relevancy test established generally in T.C.R.C.P. 26(b)(1).

*Allemannia Fire Ins. Co. of Pittsburg v. Firemen's Ins. Co. of Baltimore*, 209 U.S. 326, 332 (1908).

*3. Protective Order*

■ Progressive applies to the court to issue a protective order pursuant to T.C.R.C.P. 30(d) against YHT counsel's inquisition of Progressive's representative. T.C.R.C.P. 30(d) states:

> upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court . . . may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition as provided in 26(c) TCRCP. If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. . . . The provisions of 37(a)(4) TCRCP apply to the award of expenses incurred in relation to the motion.

We grant Progressive's motion for a protective order. YHT's counsel may resume the deposition of Progressive's representative, but will be constrained to ask questions that are non-privileged, relevant, and if inadmissible at trial are "reasonably calculated to lead to the discovery of admissible evidence." T.C.R.C.P. (b)(1). YHT's counsel shall not ask further irrelevant questions regarding the reinsurers of the insurance policy issued to YHT by Progressive. We will further award reasonable expenses of the motion, including attorney's fees, to Progressive.

### Order

1. The motion to compel discovery from Progressive's representative, Julian E. Ashby, is denied insofar as the contracts of reinsurance on the subject matter of YHT's insurance policy at issue is concerned.

2. The motion for a protective order is granted to Progressive constraining YHT's counsel to relevant discovery.

3. Expenses, including attorney's fees, of bringing the motion for a protective order are awarded to Progressive against YHT in the amount of $300.00.

It is so ordered.