# MUTUAL LIFE INSURANCE COMPANY *v.* SEARS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH
CIRCUIT.

No. 452. Argued March 14, 15, 1900. —Decided May 28, 1900.

In view of what has been already decided in *Mutual Life Insurance Company* v. *Phinney, ante,* 327, the court holds that it is needless to do more than note the fact that, as shown by the answer, after the insured had once defaulted in May, 1892, and a second default had occurred in May, 1893, application was made to him by the company, through its agents, to restore the policy, and that he declined to make any further payments or to continue the policy, and elected to have it terminated, which election was accepted by the company, and the parties to the contract treated it thereafter as abandoned, and that there is nothing in the New York statute (if controlling at all) to prevent the parties from dealing with that as any other contract; and if they choose to abandon it, their action is conclusive.

THIS, like the case of *Mutual Life Insurance Company* v. *Phinney, ante,* 327, just decided, is an action on an insurance policy issued by the company, the premiums on which were unpaid for years before the death of the insured. The facts, as disclosed by the pleadings, (and the case went off on the pleadings, without any testimony,) are that on May 18, 1891, the insurance company issued a policy to Stephen P. Sears, he being the beneficiary named in the policy as well as the insured. He paid the first annual premium and received the policy, but neglected to pay the premium due on May 18, 1892, and all subsequent premiums. He lived until March 30, 1898, and thereafter his widow, the plaintiff below, was appointed his executrix. The answer alleged non-payment of the premiums from 1892 onward, and also "that subsequent to the failure of the said Stephen P. Sears to make payment of the said annual premium falling due on said policy, May 18, 1893, and subsequent to the lapsing of said policy for failure to make said payment, and after the said Stephen P. Sears was fully informed and knew that said policy had been by it declared lapsed and

void for non-payment of premium, this defendant, through its agents, applied to said Stephen P. Sears to make restoration of said policy by making payment of said defaulted premium and having the said policy restored to force, but that said Stephen P. Sears refused to make such payment and refused longer to continue said policy or make any further payments thereon, and then and there elected to have the same terminated, and this defendant, relying upon the said election and determination of said Stephen P. Sears, at all times subsequent thereto treated said policy as lapsed, abandoned and terminated, and relying upon the said conduct of said Sears, abstained from taking any further action or step in relation to said policy, by way of notice or otherwise, in order to effect the cancellation and termination thereof."

A demurrer to this answer was sustained and judgment entered for the plaintiff, which was affirmed by the Court of Appeals, 97 Fed. Rep. 986, and the case was thereupon brought to this court on certiorari.

*Mr. Julien T. Davies* and *Mr. John B. Allen* for petitioner. *Mr. Edward Lyman Short* and *Mr. Frederic D. McKenney* were on their brief.

*Mr. Stanton Warburton* and *Mr. Harold Preston* for respondent. *Mr. Eben Smith* was on their brief.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

In view of what has been already decided in the case of *Mutual Life Insurance Company* v. *Phinney, Executrix, ante,* 327, it is needless to do more than note the fact that, as shown by the answer, after the insured had once defaulted in May, 1892, and a second default had occurred in May, 1893, application was made to him by the company, through its agents, to restore the policy, and that he declined to make any further payments or to continue the policy, and elected to have it terminated, which election was accepted by the company, and the parties

to the contract treated it thereafter as abandoned.   As we held in the prior case, there is nothing in the New York statute (if controlling at all) to prevent the parties from dealing with that as any other contract, and if they chose to abandon it, that action is conclusive.

> *The judgments of the Court of Appeals of the Ninth Circuit and of the Circuit Court of the United States for the District of Washington are reversed and the case remanded to the latter court, with instructions to overrule the demurrer to defendant's answer.*

MR. JUSTICE PECKHAM did not sit in the hearing and took no part in the decision of this case.