NEELY *v.* SUN LIFE ASSURANCE COMPANY OF CANADA.

4-6623                                    159 S. W. 2d 722

Opinion delivered February 16, 1942.

*H. B. Stubblefield,* for appellant.

*John M. Lofton, Jr.,* and *Owens, Ehrman & Mc-Haney,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of Pulaski county, second division, by appellant against appellee to recover from it $2,000 on a certificate

or policy of insurance, in which she was the beneficiary, issued to J. C. Neely on October 31, 1933, under the provisions of a group insurance policy issued by appellee to the Missouri Pacific Railroad Company covering its employees against death or injuries while working for said railroad company.

It was alleged in the complaint that all premiums had been paid and received by appellee until January 31, 1941, and that the policy was in full force and effect when J. C. Neely, the insured, died on February 17, 1941, by reason of the grace period in the policy allowing the insured thirty-one days within which to pay the February, 1941, premium. It was also alleged that the policy was in full force and effect when J. C. Neely died on February 17, 1941, under the limited waiver of premium clause contained in the policy, which provides, in substance, that if an employee ceases to work for the railroad company because of disability, and if such disability continues to the insured's death, and if his death occurs within twelve months of the time he quit work and he has failed to maintain his insurance in force, then, in that event, the insurance company will pay the full face amount of the policy.

Appellee filed the following answer: "Defendant (appellee) admits that it is a foreign insurance corporation, and that it is duly authorized to do business in the state of Arkansas.

"Defendant (appellee) admits that the plaintiff (appellant) is the widow of James C. Neely, who departed this life on February 17, 1941, defendant (appellee) admits that on or about October 1, 1933, it issued one certain certificate of group insurance numbered 1682-G-3343, insuring the life of James C. Neely in the sum of two thousand dollars ($2,000), but defendant (appellee) denies that said certificate of insurance was in full force and effect at the time of the death of the said James C. Neely on February 17, 1941, and denies that it is liable for any amount under said certificate of insurance.

"Defendant (appellee) denies each and every other material allegation of plaintiff's (appellant's) complaint.

"Further answering, defendant (appellee) states that on or about the 26th day of December, 1940, by and with the written consent of James C. Neely, the certificate of insurance hereinbefore mentioned was canceled, and that in lieu thereof a new certificate was issued to the said James C. Neely, insuring his life in the principal sum of five hundred dollars ($500). Defendant states that it has heretofore tendered to the plaintiff (appellant) the sum of five hundred dollars ($500) in full discharge of its obligations under said new certificate of insurance, and that it is now, and has been at all times relevant hereto, ready, able and willing to discharge its obligation under said certificate by the payment of the said five hundred dollars ($500); and defendant (appellee) does now hereby tender into court the sum of five hundred dollars ($500), in full and complete discharge of all its indebtedness under said certificate of insurance.

"Wherefore, having fully answered, defendant (appellee) prays that the plaintiff's (appellant's) complaint be dismissed, and that defendant (appellee) do have and recover judgment for its costs herein expended, and for all other proper relief."

The cause was submitted to the court, sitting as a jury, on September 10, 1941, upon the pleadings with exhibits attached, written stipulations and facts agreed to in open court, resulting in a judgment in favor of appellant for $500, from which is this appeal.

The court rendered the judgment appealed from upon the theory that the certificate or policy sued upon had been surrendered by J. C. Neely in his lifetime under an agreement that he accept a certificate or policy in lieu thereof for $500, payable to appellant, Mrs. Claudia May Neely, the beneficiary therein, and that it and not the $2,000 policy was in full force and effect when the insured, J. C. Neely, died.

According to the undisputed facts in the case, appellee and the Missouri Pacific Railroad Company agreed to cancel the group policy by raising the premium rate and reducing the amount of coverage of the respective employees, in order for the railroad company to continue to

carry some insurance on its employees. The plan adopted and the reasons therefor appear in a letter from L. W. Baldwin to the insured, J. C. Neely, of date December 12, 1940, and the acquiescence of the insured in the plan appears in his answer to L. W. Baldwin's letter of date December 26, 1940, and the effective date of the new certificate or policy is shown by another letter from L. W. Baldwin to the insured of date December 31, 1940.

For the better understanding of the situation and agreement for substituting the $500 certificate for the $2,000 certificate, the letters are set out and incorporated in this opinion, and are as follows:

"St. Louis, Missouri,
"December 12, 1940.

"The experience under our group insurance plan has made it necessary for the Life Insurance Company to request a substantial increase in premium. After a thorough study of this request, it was decided that the railroad company could not consistently increase its contribution in an amount sufficient to meet the Insurance Company's proposal. We are, therefore, obliged to agree to an amendment to our Group Insurance Plan whereby, effective at midnight, December 31, 1940, the amount of your insurance under our plan will be reduced to $500.

"In appreciation of your loyal and faithful service, the railroad company will, effective January 1, 1941, pay the full premium on this $500 insurance. It will not, therefore, be necessary for you to contribute to the cost of that amount of life insurance after the month of December, 1940.

"In order that a new certificate of insurance may be issued to you, please return the certificate you now hold, addressing to Mr. C. B. Moore, Group Insurance Bureau, Missouri Pacific Building, St. Louis, Missouri. Also please sign and date the enclosed acknowledgment, returning it with your present certificate of insurance. I will appreciate your doing this immediately, since, as stated above, the insurance you now enjoy will automatically terminate at midnight December 31, 1940, and the new $500 certificate of insurance cannot be issued to

you unless your present certificate is received in our Group Insurance Bureau on or before that date.

"If you care to do so, you may convert all or any part of the amount by which your present insurance is reduced, in multiples of $500, without medical examination. If you decide to convert, you may so indicate by completing the blank space in the enclosed acknowledgment. If you do not wish to convert, insert the word 'None' in the blank space. You, of course, will be required to pay the full premium on the converted insurance at your attained age, on a quarterly, semi-annual, or annual basis, before January 31, 1941. The premium per $1,000 for such insurance is shown at the bottom of the acknowledgment. Your right to convert all or any part of your present insurance will terminate on December 31, 1940, unless the enclosed acknowledgment indicating your desire is received in our Group Insurance Bureau, in St. Louis, on or before that date.

"With sincere regards, I am

"Very truly yours,

"L. W. Baldwin (signed)"

"Mr. C. B. Moore,                              "Date 12-26-40.
"Group Insurance Bureau,
"Missouri Pacific Lines,
"St. Louis, Missouri.
"Dear Sir:

"I have received Mr. Baldwin's letter of December 12, 1940, regarding the change in my Group Insurance coverage, and return herewith my present certificate of Group Life Insurance. I understand that on and after January 1, 1941, the amount of my insurance will be $500 and that the railroad company will pay the full premium on such insurance. I also understand that a new Certificate of Insurance will be forwarded to me just as soon as it is issued.

"I wish to convert $ *none* of my present insurance.

"Very truly yours,

"James C. Neely (signed).
"2614 West 15th
"Little Rock, Ark."

\* \* \*

"December 31, 1940.

"Mr. J. C. Neely,
"2614 West 15th St.,
"N. Little Rock, Ark.

"Dear Mr. Neely:

"In my letter of December 12, I advised you that as a result of a request made upon us for a substantial increase in premium by the Life Insurance Company underwriting our group insurance, we were obliged to agree to an amendment to our existing plan whereby effective at midnight December 31, 1940, the amount of your present life insurance would be reduced to $500, upon which the railroad company will pay the entire premium, but that you would have the privilege of converting all or any part of the amount by which your present insurance is reduced, in multiples of $500, without medical examination, by paying the prevailing rates at your attained age.

"Due to the need for more time, and the fact that some delay was encountered in placing the new plan in effect, the effective date has been postponed one month with the consent of the Life Insurance Company who responded agreeably.

"The life insurance you are now carrying will be continued to January 31, 1941, and you are requested to remit to Mr. C. B. Moore, Group Insurance Bureau, Missouri Pacific Building, St. Louis, Mo., the premium at the rate of eighty cents per $1,000 for the month of January, 1941, if you have not already done so.

"If you have already submitted your policy to Mr. Moore, the new policy for the amount of $500 will be made effective on February 1, 1941. If you have not sent in your policy, you are urged to do so at once.

"With sincere regards, I am

"Very truly yours,

"L. W. Baldwin (signed)"

The new certificate for $500 was forwarded to J. C. Neely by C. B. Moore, in charge of the Group Insurance Bureau of said railroad, in a letter written by C. B.

Moore, of date February 24, 1941, to J..C. Neely. J. C. Neely had prior to that time surrendered possession of the $2,000 certificate or policy to the group insurance bureau of the railroad company. This letter including the new or $500 certificate was not received by J. C. Neely in his lifetime, but was received by appellant a few days after it was written. At that time J. C. Neely was dead, having died on February 17, 1941.

The court in rendering the judgment made the following finding: "That the signing by James C. Neely, deceased, of the instrument dated December 26, 1940, addressed to Mr. C. B. Moore, Missouri Pacific Lines, St. Louis, Missouri, and introduced over plaintiff's objections and exceptions, precludes plaintiff as a matter of law from recovering under the certificate or policy sued on herein; that plaintiff (appellant) is entitled to recover the five hundred dollars ($500) referred to in said writing and tendered by the defendant (appellee) herein."

The real question for determination on this appeal is whether the certificate for $2,000 was in full force and effect on February 17, 1941, when the insured, J. C. Neely, died. It is contended by appellant that it was in full force and effect because the railroad company and the Sun Life Assurance Company of Canada, appellee herein, had no right to change, modify or cancel the group policy. Appellee and the railroad company were the only parties to the group policy and the law seems to be well settled that parties who make a contract may rescind same by mutual agreement. It is said in the work of Crawford & Harlan on Group Insurance, p. 97, that: "The group policy can be canceled by mutual agreement of the insurer and the employer, and the employee will be bound by their action since it is a third party beneficiary contract." At page 99 of the same text it is said: "As a general rule, an employee's individual coverage may be canceled by the employer and the insurer since the contract is one made for his benefit, even though he may pay a portion of the premium."

In the case of *Ætna Life Ins. Co.* v. *Dodd,* 103 F. 2d 793, it is said, that: "As a general proposition, those

competent to contract are equally competent to rescind a contract already made. A contract which has not already been fully performed may be rescinded by the mutual consent of the parties, the discharge of one party from the obligation to perform being sufficient consideration for the discharge of the other party from his obligation to perform further.''

In the instant case there was another consideration supporting the substitution of a $500 policy for the original $2,000 policy. Under the $2,000 policy, the insured only contributed $1.60 per month toward the payment of the premium on his certificate, whereas under the new agreement the railroad company assumed the entire premium payment. We think the agreement to substitute the $500 policy for the $2,000 policy was supported by a valuable consideration.

Appellant also contends that the original' group policy was in full force and effect at the time of the death of J. C. Neely because the premium had been paid through January 31, 1941, and that thereafter the insured had thirty-one days of grace for the payment of all premiums, during which grace period he died. The railroad company paid the entire premium and each employee contributed a certain amount to the railroad company. The grace period did not extend to the employees. It simply was a period during which time the railroad company had the right to pay the premiums of all of its employees. This court said in the case of *Ætna Life Ins. Co.* v. *Carroll,* 188 Ark. 154; 65 S. W. 2d 25, that: ''Appellee argues that the 31 days of grace allowed to the employer continued the policy in force to July 1, and that, Carroll having died within that time, appellee should recover, whether the June premium was paid or not. That would be true had the contract been between appellant and Carroll, or if the relation of employee and employer had continued during June. The grace period was personal to the employer. . . . It is true the insured has 31 days in which to exercise the right of conversion, but during the time he neglects to do so, he is not insured, and, if he dies without having exercised the option, his beneficiary cannot recover.''

Appellant also contends that she was the beneficiary under the original policy, and that she did not agree to the surrender thereof and is not bound by the insured's actions in surrendering the original certificate in exchange for one in less amount. This could only be true in case the beneficiary had acquired some vested interest in the policy or certificate. This court said in the case of *Illinois Bankers' Life Ins. Co.* v. *Rhodes*, 147 Ark. 191, 227 S. W. 403, that: ''The policy, in express terms, gave the assured the right to change the beneficiary at will, and for that reason appellee as the specified beneficiary had no vested right or interest in the policy limiting the right of the assured to surrender or abandon it. . . .''

Since the insured had the right under the policy to change the beneficiary at any time in the instant case without her consent or knowledge, she has no vested right therein which would prevent the insured from canceling or surrendering the policy or from modifying it in any way he chose.

Appellant contends lastly that the original $2,000 certificate was in full force and effect on account of the limited waiver of premium clause and the disability of the insured. The limited waiver of premium clause provides in substance that if an employee ceases his employment because of disability and if such disability continues until his death, and if his death occurs within twelve months of the date he ceased to work, that appellee would pay the face amount of the policy. The undisputed evidence is that J. C. Neely ceased to work for the railroad company in the year 1937, and that he did not die within a year from the time he quit work. In other words, the facts do not bring him within the limited waiver of premium clause. He died on February 17, 1941, more than three years after he ceased to work on account of his disability.

We think that J. C. Neely, the insured, had the exclusive right and privilege to exchange his $2,000 certificate, upon which he was contributing $1.60 toward the payment of the premium, for a policy or certificate of $500, upon which he would have to pay no premium at all, and that the agreement and contract he made is

supported by a valuable consideration. There is no question that J. C. Neely made the contract or agreement in his lifetime, and from reading the letter he wrote to C. B. Moore, on December 26, 1940, he thoroughly comprehended and understood the nature of the contract he was making and is bound by same, and that appellant, the beneficiary, occupied no better position than he did, having no vested right in the policy.

No error appearing, the judgment is affirmed.