**DAN KIMBAL v. THE TRAVELERS INSURANCE COMPANY, a corporation.**

10 So. (2nd) 728                                                     En Banc
November 17, 1942          Rehearing Denied December 8, 1942

George Palmer Garrett, and Latimer A. Long, for appellant;

Giles & Gurney, for appellee.

CHAPMAN, J.:

This case is before the Court to review a final judgment on demurrer in behalf of defendant below entered by the Circuit Court of Orange County, Florida. The plaintiff was an employee of Holly Hill Fruit Products

Incorporated and suit was brought against The Travelers Insurance Company on a group life insurance policy. The terms of the policy protected the employee and in the event of death a certain sum was due under the provisions of the policy.

The amended declaration, held insufficient by the lower court, in part alleged that the policy was in force and effect until August 1, 1941; that the plaintiff became disabled during February, 1941, within the provisions of the policy and died on July 12, 1941. The policy of insurance by appropriate language was made a part of the amended declaration. A provision of the policy is viz.:

"Agreement Terminating Group Life Policy No. C-8830, as Heretofore Amended, Issued by the Travelers Insurance Company, Hartford, Connecticut, to Holly Hill Fruit Products Incorporated.

"It is hereby agreed that said Group Life Policy No. G-8830 together with all insurance thereunder be and the same hereby is terminated effective as of 12:01 A.M. Standard Time at the Employer's address, July 1, 1941, in consideration whereof pro rata adjustment of the premium thereunder shall be made.

"Dated at Hartford, Connecticut, this seventh day of June, 1941.

"The Travelers Insurance Company
By          W. H. Gilbert
          Assistant Department Secretary

Holly Hill Fruit Products
Incorporated
By          W. P. Hickman
                    Treas."

One of the questions presented for adjudication is whether or not the Group Policy sued upon was in force and effect on July 12, 1941, the date of death of Virginia Kimbal. The amended declaration alleged that it was in force and effect on said date but the quoted provision of the policy disclosed that the policy terminated on July 1, 1941, pursuant to an agreement signed by the defendant insurance company, and the employer on June 7, 1941. The sufficiency of the amended declaration was raised by demurrer. It is settled that on demurrer those matters well pleaded are admitted to be true. The amended declaration alleged that the policy was in force and effect until the 1st day of August, 1941, while the quoted provisions, *supra,* of the policy made a part of the declaration by appropriate reference recited that the policy terminated by agreement on July 1, 1941.

We are therefore confronted with the conflicting allegations as to the time of the termination of the policy. The time alleged in the amended declaration is August 1, 1941, and the time named in the quoted provisions, *supra,* of the policy is July 1, 1941. If the date of August 1, 1941, is controlling, then Virginia Kimbal, dying on July 12, 1941, was protected by the provisions of the policy, but if the policy terminated on July 1, 1941, and her death occurred on July 12, 1941, she would not be protected by the provisions of the policy. Plaintiff having made the quoted provision of the policy a part of the amended declaration is bound by the provisions thereof rather than an allegation in the declaration inconsistent with or contrary thereto. See State v. Florida Coast Line Canal & Trans. Co., 73 Fla. 1006, 75 So. 582, L.R.A. 1917F 776; Bigham v. State ex rel. Ocala Brick & Tile Co., 115

Fla. 862, 156 So. 246. The Court will construe the pleadings most strongly against the pleader. See 49 C. J. par. 112, pp. 119-20.

Counsel for appellant contends that the policy did not terminate on July 1, 1941, pursuant to the agreement signed by the Insurance Company and the employer under date of June 7, 1941, and cites and relies upon provision No. 9 of the original policy viz.: "9. Grace Period. A grace period of thirty-one days during which the policy will remain in full force will be allowed for the payment of all premiums except the first." It is settled law that insurance contracts must be liberally construed in favor of the insured so as not to defeat, without a plain necessity, his claim to indemnity. Where conflicting clauses appear in an insurance policy, the one which affords the most protection to the assured will control. Ambiguous provisions in policies are to be construed in favor of the insured and against the insurer. See Franklin Life Insurance Co. v. Tharpe; 130 Fla. 546, 178 So. 300.

Counsel for appellant emphasizes the fact that Virginia Kimbal could not be bound by the termination agreement because she was not a party to it; that rights accrued to her under the provisions of the policy that continued from February, 1941, until her death; that she was not notified nor did she consent to the termination agreement and was thereby deprived of the opportunity of paying the necessary premium on the policy and of acquiring insurance under the conversion privilege clause. These several contentions are discussed in the decisions. We observe two lines of authorities shedding light on many of the points in controversy. It is not necessary to cite the cases in support of the conflicting views:

We find four parties interested in the policy: (1) the insurance company; (2) the employer; (3) Virginia Kimbal, the insured; and (4) Dan Kimbal, the beneficiary. The conversion privilege clause granted Virginia Kimbal the right to make application to the insurance company within thirty-one days after the termination of the policy for any reason for a policy of life insurance under the conditions appearing therein without evidence of insurability. Paragraph 6 of the policy provides that any payment of premium or installment shall not maintain the policy in force beyond the date when the premium or installment becomes due. We find no provision of the policy requiring notice to or the consent of the employee for the termination of the policy. The benefits to the insured under the conversion privilege clause is acted upon by the insurance company when an application is made. It is assumed that the terms and conditions of the policy were well known to the insured. The contract was between the insurance company and the employer for the benefit of the employee during the period the relation of employer and employee existed. We know of no law or of any provision of the policy violated by entering into the termination agreement dated June 7, 1941, and effective July 1, 1941. See Berry v. Travelers Insurance Co., 64 Ga. App. 727, 14 S.E. (2nd) 196; Connecticut General Life Ins. Co. v. Boseman, 84 Fed. (2nd) 701; Baker v. Travelers Insurance Co., 202 N.C. 432, 163 S.E. 110; Beecey v. Travelers Insurance Co., 267 Mass. 135, 166 N.E. 571.

We fail to find error in the record.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.

CHAPMAN, J.:

On petition for rehearing it is contended that the group policy of insurance was in force on July 12, 1941, because the grace period of 31 days allowed by the terms of the policy for the payment of premium after July 1, 1941; and that during this period the insured had the right under the policy to and could convert the same into another policy acceptable to the insured and the company and thereby be fully protected by insurance. The answer to this contention is that the policy terminated by written consent of the parties on July 1, 1941. The grace period provision merely extended an opportunity to pay the premium and during this period the policy remained in force on the theory that the cost of carrying the insurance ultimately would be paid. It was not contemplated that the protection under the provisions of the policy would be conferred without compensation. The termination of the policy by the written agreement of the parties is a conclusive showing that the employer did not intend to pay additional premiums or avail himself of the privileges of the grace period. See Davis v. Metropolitan Life Ins. Co., 161 Tenn. 655, 32 S.W. (2nd) 1034; Mutual Life Ins. Co. v. Sears, 178 U.S. 345, 44 L. Ed. 1096, 20 Sup. Ct. 912; Wolfberg v. State Mutual Life Assur. Co., 36 Fed. (2nd) 171. The contract of insurance was in writing and before the employer, the insured and the beneficiary, and the parties are charged, by law, with a knowledge of its legal effect and operation.

The petition for rehearing is denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.