ELIZABETH S. BOGER v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

(Filed 20 March 1963.)

**1. Insurance § 13—**

The fact that a policy with premium payable monthly is issued on the 15th of the month does not make the 15th of each succeeding month its premium date when the unambiguous terms of the policy provide that the initial payment should pay the premium only until the first of the succeeding month and requires each succeeding premium to be paid on the first of the month.

**2. Same; Insurance § 21—**

When the employer fails to pay the premium on a group policy within the grace period provided therein, insurer's liability upon a certificate issued under the group policy terminates notwithstanding the employer may have deducted from the employee's wages his *pro rata* share of the premium.

APPEAL by plaintiff from *Pless, J.,* November 1962 Term, GASTON Superior Court.

The plaintiff, beneficiary, instituted this civil action against the defendant, insurer, to recover death benefits under its group employees security insurance policy issued to Davis & Sons Construction Company, the employer. The insurer issued a certificate of coverage to the plaintiff's husband, Floyd A. Boger, showing the effective date both of the policy and of the certificate to be June 15, 1960. The certificate provided that all benefits are subject to the group policy which alone constitutes the agreement under which payments are made.

The parties stipulated: The group policy issued on June 15, 1960, provided that Davis & Sons Construction Company would pay to the insurer a stipulated monthly premium on the first of each month.

"Under the terms of said policy, a grace period of 31 days was provided for the payment of monthly premiums, and it was further provided that the policy would automatically terminate if any monthly premium was not paid within the grace period. . . . Each premium was paid monthly . . . from June 15, 1960 through March 1, 1961."

For the premium due April 1, 1961, Davis & Sons Construction Company issued a check which was returned by the bank unpaid for lack of funds. On May 25, 1961, another check was issued to cover the April 1 premium. This check likewise was returned unpaid for lack of funds. Davis & Sons Construction Company did not pay any premium after March 1, 1961, although it continued to deduct a specified amount from the salary of Floyd A. Boger which was to be applied toward the payment of premium. Floyd A. Boger died by accidental means on May 12, 1961. He had no notice that his employer had defaulted in the payment of any premium due on the group policy.

The parties waived jury trial, stipulated the facts, upon which Judge Pless concluded as a matter of law the policy terminated on May 2, 1961, for failure of Davis & Sons Construction Company to pay the premium due April 1, 1961. Having concluded the premium had not been paid within the 31-day grace period provided in the policy, the court entered judgment dismissing the action. The plaintiff appealed.

*O. A. Warren, Whitener & Mitchem by Basil L. Whitener, Wade W. Mitchem, for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman, by R. C. Carmichael, Jr., for defendant appellee.*

HIGGINS J.   The plaintiff insists the policy, having been issued on June 15, 1960, each premium date thereafter is the 15th of each month rather than the first, and consequently the grace period did not expire until May 16, 1961. The contention contravenes the plain and unambiguous terms of the policy. The initial payment of premium only carried the policy to July 1, 1960. On that date and on the first of each month thereafter, a premium was due. *Rivers v. Ins. Co.,* 245 N.C. 461, 96 S.E. 2d 431; *Johnson v. Casualty Co.,* 234 N.C. 25, 65 S.E. 2d 347.

The plaintiff further contends that her husband having paid to his employer (by deduction from his wages) his quota of the required premium, the policy was in force as to him. The group policy terminated on May 2, 1961, on which date the grace period for payment of the April 1st period came to an end. The certificate of coverage termi-

nated with the group policy. By plain terms of both, payment to the insurer was necessary to keep the policy in force. Deduction of the employee's wages by the employer was not payment to the insurer. *Newman v. Ins. Co.*, 255 N.C. 722, 122 S.E. 2d 701; *Haneline v. Casket Co.*, 238 N.C. 127, 76 S.E. 2d 372; *Dewease v. Ins. Co.*, 208 N.C. 732, 182 S.E. 447. "When procuring the policy, obtaining application of employees, taking payment deduction orders, reporting changes in the insured group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer but for their employees or for themselves." *Boseman v.. Connecticut General Life Ins. Co.*, 301 U. S. 196, 81 L. ed 1036.

The plaintiff has failed to make allegations or to offer proof the defendant waived its right to the payment of the premium due April 1, 1961. The insured's death did not occur within the grace period for the payment of that premium. The defendant's liability terminated on May 2, 1961. . . The death of the insured occurred after that date. Consequently the judgment dismissing the action is

Affirmed.