LILES, Acting Chief Judge.
Appellants, plaintiffs below, appeal a sum- ’ mary final judgment entered in favor of appellee, defendant below.
The record indicates that an agent for defendant insurance company sold a mortgage life insurance policy to one Willie James Curry to cover a mortgage held by plaintiff First Federal Savings and Loan Association. Plaintiffs were named beneficiaries of the policy. Plaintiff loan association was to collect the premiums from Willie Curry’s account upon receipt of the policy and forward the payments to defendant. Defendant mailed the policy to plaintiff loan association on February 10, 1964, and it was received by said plaintiff in -the morning mail on February 11, 1964. Earlier that morning, at about 7:30 a. m., Willie Curry was killed in an automobile accident. Plaintiff loan association debited Curry’s account in the amount of the first policy premium on February 12, 1964, and later forwarded the same to defendant insurance company. Defendant declined to accept the premium, contending that the insurance policy never became effective because the first premium was neither paid nor tendered before Curry’s death. The policy contained the following clause:
“The contract does not take effect until the first premium has been actually paid and the contract delivered during the lifetime and good health of the Insured.”
Plaintiffs brought an action against defendant seeking the policy benefits. Defendant denied coverage upon the grounds that the policy had not been delivered nor had the premium been paid prior to the insured’s death. Upon examination of the various pleadings, depositions and other papers filed in the cause, the trial judge entered summary final judgment in favor of the defendant insurance company. The judge found that the policy had been delivered when placed in the mail on February 10, 1964, the day before the insured’s death, but that payment of the premium had not been paid nor tendered before insured died.
We affirm. It is generally held that when a policy expressly provides that it shall not take effect until the first premium is paid, such a provision is a condition precedent to the assumption of any liability by the insurance company. 14 Appleman, Insurance Law and Practice, § 7833. This provision may be waived, of course, but absent such a waiver the policy does not become effective until the premium is paid.
Plaintiffs contend that payment was made “constructively” by the loan association because the policy was sent to said company and premium payments were to be made from insured’s account. We cannot agree with this line of reasoning.
The vice president of plaintiff loan association admitted that the company acted as a “collecting agent” for defendant on the type of policy involved in this case. He also testified that a charge would be made to the insured’s account but payment would not be forwarded to defendant until later. We feel that had the premium charge been made prior to the insured’s death, then plaintiffs’ position would be more tenable. However, the charge against Curry’s account was not made until after his death.! Thus, in any event, it could not be said that the premium had been paid prior to the insured’s death. There is no evidence in the record to support any finding that defendant insurance company had waived the policy provision quoted above, and the trial judge was correct in finding payment was untimely.
For the foregoing reasons, the judgment appealed is affirmed.
PIERCE, J., and KISSINGER, C. M., Associate Judge, concur.