216 So.2d 72 (1968)
Thomas H. COUCH, Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.
No. 68-246.
District Court of Appeal of Florida. Second District.
December 4, 1968.
Peterson, Peterson & Harris, Lakeland, for appellant.
Gordon H. Harris, of Holland, Bevis, Smith, Kibler & Hall, Bartow, for appellee.
HOBSON, Judge.
Plaintiff-appellant, Thomas H. Couch, appeals a final summary judgment entered in favor of defendant-appellee, Connecticut General Life Insurance Company.
There exists no dispute as to the facts in the case sub judice. The plaintiff-appellant became employed as a juiceroom operator *73 by the Juice Corporation of America in the summer of 1966, and became eligible to participate in the group insurance plan sometime in November, 1966. This insurance plan was provided by the Juice Corporation of America for its employees through the defendant-appellee, Connecticut General Life Insurance Company. On November 25, 1966, a certificate was issued to the plaintiff showing his participation in this group insurance plan. The plaintiff, along with other employees, agreed to aid in defraying the cost of the policy to his employer by allowing the employer to deduct an amount equal to thirty per cent of the premiums from his wages.
All premiums required of the plaintiff were deducted by his employer from November 25, 1966, through November 14, 1967. On November 14, 1967, the plaintiff sustained an on-the-job injury resulting in the amputation of his left leg above the knee.
Nothwithstanding the fact that the Juice Corporation of America continued to deduct premiums from its employees' wages through the middle of November, 1967, the last premium payment made by the employer to the defendant-appellee covered only premiums due for the period ending August 10, 1967. At the expiration of the grace period on September 10, 1967, defendant-appellee, without notice to the individual employees, automatically discontinued its group policy insuring the employees of Juice Corporation of America as a result of the non-payment of premiums.
The question which is determinative of the case sub judice is whether or not a group insurer such as the defendant-appellee herein can be held liable under its policy, after the policy is cancelled because the employer failed to pay premiums, when the employer continues to withhold a portion of the premiums from its employees' wages. Simply stated, the question is whether or not the employer is an agent of the insurance company for the purpose of collecting premiums.
Our research has failed to reveal any controlling Florida statute or Florida case on point.
While there are some cases to the contrary, the better rule is that failure of the employer to pay the required premiums to the insurer operates to terminate the coverage of the policy. This is true despite payment by the insureds to their employer their share of the premiums due on the group policy involved. The basis of this rule is that the employer in a group insurance policy is ordinarily not considered the agent of the insurance company. Greer v. Equitable Life Assur. Soc. of United States (1936) 180 S.C. 162, 185 S.E. 68; Hanaieff v. Equitable Life Assur. Soc. of United States (1952) 371 Pa. 560, 92 A.2d 202; Milton v. Equitable Life Assur. Soc. (1954, Pa.) 102 Pittsb.Leg.J. 273; Rivers v. State Capital Life Ins. Co. (1957) 245 N.C. 461, 96 S.E.2d 431, 68 A.L.R.2d 205; Newman v. Home Life Insurance Company, 255 N.C. 722, 122 S.E.2d 701 (1963); Boger v. Prudential Insurance Company, 259 N.C. 125, 130 S.E.2d 64 (1964); and 1 Appleman, Insurance Law & Practice, § 43.
The plaintiff-appellant contends that the employer in the case sub judice should be considered the agent of the insurer for the purpose of collecting premiums and relies on Greer v. Equitable Life Assur. Soc. of United States, supra, to support his position.
The Greer case reached a contrary result to the one we reach here as the group insurance policy in that case provided that while the premiums were payable by the employer, the cost of the premiums was to be borne jointly by employer and employees and limited the amount to be borne by the employees.
*74 In the Greer case, the court stated 185 S.E. at page 70:
"Without a specific provision to that effect[1] and regardless of other provisions of a policy of insurance with reference to the termination thereof, it cannot be disputed that, for a policy to remain in force, it is necessary that the premiums therefor be paid; and it is unnecessary to cite authority to sustain the position * * * that, where the employer enters into a contract of insurance for the benefit of its employees and pays the premiums, such employer is not the agent of the insurance company, even though a portion of the premium is deducted from the wages of the employee." (Emphasis added)
As the policy in the instant case has no such provision, the employer in the instant case is not the agent of the insurance company.
In the Newman case, supra, the employer failed to pay the premiums on a hospital group insurance policy and the insurance company, as it did in the instant case, terminated the entire policy, without notice to the employees. An employee, whose proportionate part of premiums due on the policy was deducted from her salary after the termination of the policy, brought suit against the insurance company. The Supreme Court of North Carolina held, 122 S.E.2d at page 702:
"The group policy was a contract between the insurance company and the employer. The plaintiff was a third party beneficiary. Her right against the insurance company terminated at the end of the grace period by reason of the failure on the part of her employer to keep the contract alive by paying the required premium. Although the plaintiff paid her employer, who defaulted, her recourse is not against the insurance company."
Some of the cases reaching a contrary result do so on the basis of a statute in their jurisdiction making the employer the agent of the insurance company. Shanks v. Travelers Insurance Company, 25 F. Supp. 740 (D.C.Okl. 1938); Missouri State Life Insurance Company v. Compton, 73 S.W.2d 1079 (Tex.Civ.App. 1934); and General American Life Insurance Company v. Gant, 119 S.W.2d 693 (Tex.Civ.App. 1938). Florida has no statute to the above effect.
The fact that no notice was given to plaintiff-appellant by defendant-appellee of the cancellation of the policy will not operate to afford recovery to plaintiff-appellant when the insurer lawfully terminates a group life policy, absent a clause requiring such. Kimbal v. Travelers Insurance Co., 151 Fla. 786, 10 So.2d 728 (1942); 18 Fla. Jur., Insurance, § 477 (1968). Newman v. Home Life Insurance Company, supra. No such clause appears in the instant policy, and no Florida statute requires notice be given to individual employees under a group life or dismemberment policy.
Therefore, it is the decision of this court that a group insurer cannot be held liable under its policy after the policy has been cancelled because the employer failed to pay premiums absent a provision that the cost of premiums is to be borne at least in part by the employees or absent a statute making the employer the agent of the insurer for the purpose of collecting premiums. This is true notwithstanding the fact that the employer continued to withhold a portion of the premiums from its employees' wages and notwithstanding the fact that no notice was given to the insured as neither the policy nor any Florida statute requires such notice.
For the foregoing reasons, the decision of the lower court is
Affirmed.
PIERCE, Acting C.J., and MANN, J., concur.
NOTES
[1] The court here was referring to the provision stating that the cost was to be borne jointly by employer and employees; but, providing that the payment of premiums was to be made by the employer.