218 So.2d 509 (1969)
TRANSAMERICA INSURANCE COMPANY, a California Corporation, Appellant,
v.
Norman K. RUTKIN, Appellee.
No. 68-300.
District Court of Appeal of Florida. Third District.
January 21, 1969.
Rehearing Denied February 25, 1969.
*510 Ligman, Shepherd & Nettlow, Miami, for appellant.
Klein, Tannenbaum & McGovern, Miami, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
PEARSON, Judge.
Transamerica Insurance Company appeals from a summary final judgment which held it liable to the appellee, Norman K. Rutkin (a lawyer), under an insurance policy bearing the heading "LAWYERS PROFESSIONAL LIABILITY POLICY" which the appellant had issued to the appellee. The principal question to be decided upon this appeal is one of coverage. It is raised by an assignment of error *511 directed to the order granting the appellee's motion for summary judgment upon the issue of liability.
The court below was faced with some issues of fact during the hearing upon the motion for summary judgment, but each party agrees that these issues are not material if Rutkin's theory concerning the coverage afforded by the policy is correct. We may presume that Rutkin's theory was the basis for the summary judgment, because the issues of fact would have precluded its entry under any other theory.
Among other things, the policy provided that Transamerica would
(1) "Pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of any act or omission of the insured * * * and arising out of the performance of professional services for others in the insured's capacity as a lawyer * * *";
(2) "[w]ith respect to such insurance as is afforded by this policy * * * (a) defend any suit against the insured alleging such act or omission and seeking damages which are payable under the terms of this policy, even if the allegations of the suit are groundless, false or fraudulent * * *".
As part of his representation of two clients in a civil action, Rutkin subpoenaed the clients' doctor as a witness. Both before and after he testified, the doctor unsuccessfully attempted to exact from Rutkin a personal guarantee that his expert witness fee would be paid by Rutkin. The doctor was not paid an expert witness fee by the clients. He thereupon sued Rutkin for "Money due Plaintiff by Defendant for court appearance  $50.00." When Transamerica refused to defend Rutkin, he supplied his own defense and prevailed in the suit brought by the doctor.
Transamerica urges under its first point that the issue before this court is the identical issue which was before the court below, namely, whether a debt allegedly due as an expert witness fee is a risk covered under Rutkin's professional liability insurance policy. Its position on this issue is based on the rule that a court "should construe [a] contract of insurance to give effect to the intent of the parties * * *.[1]" Transamerica then argues that the provisions of the policy which we quoted make "[i]t * * * obvious that the intention of the parties was that TRANSAMERICA would defend and indemnify RUTKIN against damage suits and damages arising because he did something he shouldn't have done, or omitted to do something he should have done, with respect to representing his client." The argument concludes with the declaration that "[t]he intent of the parties here was to indemnify RUTKIN against `malpractice', not to insure that he paid his bills", the implication being that that doctor's suit for an expert witness fee was a suit for a personal debt incurred by Rutkin.
Rutkin counters by pointing out that the doctor's testifying rendered no service to him but, rather, served the interest of his clients. In compelling the doctor's appearance at the trial, Rutkin was acting for the benefit of his clients. Therefore, he contends, the insurance company owed him a defense to the suit under his Lawyer's Professional Liability Policy.
There is sense to both positions. Neither party has been able to cite a case directly on point, and our research has disclosed none.
In construing a contract courts are bound by the plain meaning of the language of the contract in the absence of extraordinary circumstances. Jacksonville Terminal Co. v. Railway Express Agency, Inc., 296 F.2d 256, 261 (5th Cir.1962); and see Johnson v. Three Bays Properties #2, *512 Inc., Fla.App. 1964, 159 So.2d 924, 4 A.L.R.3d 565. If the language is ambiguous, it should be fairly construed in favor of the insured and against the insurer. See Kimbal v. Travelers Ins. Co., 151 Fla. 786, 10 So.2d 728 (1942). It is our opinion that the provisions of the policy which we quoted do not make obvious that which Transamerican asserts they do. We think, rather, that fairly construed they show that the intention of the parties was that "TRANSAMERICA would defend and indemnify RUTKIN" not only against suits seeking damages for "something he shouldn't have done, or omitted to do something he should have done, with respect to representing his client" but also against suits seeking damages for something which he should have done and which he did do while representing a client.
Of course Transamerica is correct in maintaining that the quoted provisions may not reasonably be construed to make it the guarantor for payment of Rutkin's personal contractual obligations, even when those obligations are incurred as adjuncts to his representation of a client. But the record before us does not support Transamerica's contention that Rutkin was sued upon a personal contractual obligation. It is clear that the claim made against Rutkin was based purely upon the doctor's allegation that Rutkin was liable simply because he procured the issuance of the witness subpoena in furtherance of his clients' cause.
Transamerica's second point is directed to the amount of damages awarded by the court below. We do not disturb the award. When the law furnishes no legal rule of damages save the discretion of the trier of fact on the evidence before it, an appellate court will not disturb the award on the ground of excessiveness unless it is so flagrantly improper as to evince passion, prejudice, or partiality. See Warner v. Ware, 136 Fla. 466, 182 So. 605 (1938).
Affirmed.
NOTES
[1] Rigel v. National Casualty Company, Fla. 1954, 76 So.2d 285, 286.