222 So.2d 58 (1969)
CONTINENTAL CASUALTY COMPANY, an Illinois Corporation, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
No. 68-636.
District Court of Appeal of Florida. Third District.
April 22, 1969.
Rehearing Denied May 21, 1969.
Knight, Underwood, Peters, Hoeveler & Pickle, Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole, and George W. Wright, Jr., Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The defendant, Continental Casualty Company, appeals a summary final judgment for its insured, Florida Power & Light Company, in an action brought by the appellee to recover the expenses it incurred in defending an action brought against it by a third party. Each party *59 moved for summary judgment. The facts concerning the expenses and their reasonableness are not controverted, nor is the fact that Continental agreed to defend a suit against Florida Power & Light Company if the suit involved the risk insured.
The first question presented is whether the trial judge correctly determined that Continental was contractually bound to defend Florida Power & Light in the action brought by the third party. Continental urges that the policy it issued to appellee did not cover harm caused by Florida Power & Light's negligence; that the complaint filed by the third party alleged only the negligence of Florida Power & Light; and that therefore Continental had no contractual duty to defend Florida Power & Light. The policy involved provides bodily injury liability and property damage liability coverage for "operations performed for the named insured by independent contractors and general supervision thereof by the named insured, if the accident occurs in the course of such operations. * *" The policy also provides that the "policy does not apply" under the foregoing provision "to any act or omission of the named insured or any of his employees, other than general supervision of work performed for the named insured by independent contractors."
The action against Florida Power & Light which Continental refused to defend was brought by an employee of an independent contractor. The employee charged Florida Power & Light with failing to have its lines in such a condition that they could be safely worked upon at the time and place he was injured. Among other specific allegations were the following: Florida Power & Light (1) negligently failed to provide the employee with a safe place to work, (2) negligently failed to make reasonable inspection of the work site and the equipment on which the contractor was to do the work, (3) negligently failed to take reasonable precautions and adopt proper safeguards to protect him while he was doing the work, and (4) negligently required the work to be done upon a high voltage electrical transmission line which was so situated that there was a great danger of grounded material and equipment thereon being energized. All of these allegations may in their implications charge acts which constitute omission of general supervision under the broad language of the policy. This interpretation is authorized under the principle that any ambiguous term of an insurance policy will be most strongly construed against the insurance company. Transamerica Insurance Company v. Rutkin, Fla.App. 1969, 218 So.2d 509. We conclude that since the action brought by the third party could be interpreted to charge Florida Power & Light with an omission of general supervision, it fell within the coverage of the policy, and therefore Continental had a contractual duty to defend Florida Power & Light.
Continental's remaining point urges that the court erred in not finding that Florida Power & Light's action was barred by the statute of limitations, § 95.11 (3), Fla. Stat., F.S.A. Since the contract was not under seal, the five year limit applied. Continental's contention is that Florida Power & Light's cause of action accrued and the statute began to run at the time when Continental sent a letter denying coverage (more than five years before Florida Power & Light instituted the present action) after Florida Power & Light reported that action had been brought against it. Florida Power & Light contends that its cause of action did not accrue until the litigation ended, specifically (since no appeal was taken), when the jury rendered its verdict (less than five years before Florida Power & Light instituted the present action). We hold that Florida Power & Light's cause of action, a right to recover expenses incurred in defending a third-party action resulting from Continental's refusal to defend the third-party action in violation of its contractual duty, did not accrue until the third-party litigation ended. Terteling v. United States, *60 334 F.2d 250, 254-255, 167 Ct.Cl. 331 (1964). Cf. cases cited in 54 C.J.S. Limitation of Actions § 141.
Affirmed.