PER CURIAM.
The single arguable issue presented on this appeal from a summary final judgment for the John Hancock Mutual Life Insurance Company is the argument of the appellant (an insured employee under a group insurance policy between the employer and the insurer, John Hancock) that a group insurance policy may not be amended to decrease benefits without notification to insured employees. We think this position is *361 not well taken in view of the reasoning of the Supreme Court of Florida in Kimbal v. Travelers Insurance Company, 151 Fla. 786, 10 So.2d 728 (1942). We hold that in the absence of an allegation of fraud or misrepresentation, the contract between the insurance company and the employer for the benefit of the employees may be altered by negotiations between the insurance company and the employer. Under such circumstances, the law does not require a notification by the insurance company to the employees. See 68 A.L.R.2d 249 at 266 (1959),[1] citing cases from several jurisdictions, including Kimbal v. Travelers Insurance Company, supra. We make no holding with regard to the duty of the employer to notify the employee of a change in the policy, as that issue is not involved in this case.
Affirmed.

. “ . . . the question [arises concerning] whether the employer may cancel or modify the master group policy without knowledge of or notice to the insured employee or his beneficiary.
“In a number of cases the view has been expressed, mostly in the form of dicta, that an employer may, before liability has attached as to an insured employee, validly cancel or modify a master group policy without notice to such employee unless the policy or an applicable statute provides otherwise.”