Elbert HENDRIX *v.*
REPUBLIC NATIONAL LIFE INSURANCE CO.

CA 80-245                                    606 S.W. 2d 601
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*Bradley & Coleman*, by: *Douglas Bradley*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

DAVID NEWBERN, Judge. The question is whether an insurer may deny insurance benefits to an employee whose employer, by failure to pay group policy premiums, has allowed the policy to lapse, even though the employee's contribution to the premium has been deducted from his pay by the employer. We hold that, despite the employee's payments, the lapse of the policy prevents the employee from recovering medical expenses of his dependent which would have been covered but for the lapse.

The appellant was employed by Sales and Services, Inc.,

which. had a group health insurance policy with the appellee. In March and April of 1978, Sales and Services, Inc., sent checks to the appellee as payment of the group insurance premiums for those months. The checks were returned because of insufficient funds in the employer's account. On May 10, 1978, the appellee sent to Sales and Services, Inc., a letter which called attention to the insufficiency problem and advised that the amount owed would be "charged back to (the Sales and Service company's) insurance billing." The letter also requested a replacement check. Apparently no replacement check was forthcoming, and a lapse notice was sent on June 5, 1978, by the appellee to Sales and Services, Inc., stating that the policy had lapsed as of March 31, 1978. No notice of the lapse was given to the employees of Sales and Services.

On May 7, 1978, the wife of the appellant, who would have been covered as a "dependent" by the policy, entered the hospital with a bladder ailment and incurred medical expenses amounting to $1,561.00. That amount was claimed under the policy, and the claim was rejected.

The court heard the matter without a jury and decided that the policy had lapsed, in accordance with its terms, for nonpayment of the premium, and that the lapse was effected March 31, 1978. The court further found specifically that the attempts by the appellee to recover the unpaid premiums represented by the insufficient checks were not inconsistent with the lapse provision of the policy and "did not operate as an extension of credit to the employer." The appellant contends that this amounted to an improper holding that the lapse notice was "retroactive."

The appellant's contention has two parts. First, we should decide whether the employer is an agent of the insurance company for the purpose of receiving premium payments from the employee. If that is the case, then the failure of the employer to forward the payments to the appellee will not result in a loss of coverage to the appellant. The second part of the appellant's argument has to do with whether, by pursuing the payment represented by the insuf-

ficient checks, the appellee waived its right to assert later that the policy had theretofore lapsed.

1. *The agency problem.*

The appellant cites *Neider* v. *Continental Ins. Co.*, 35 So. 2d 237 (La. 1948), for the proposition that an employer is the agent of the insurer to the extent it is the employer's responsibility to keep the group policy in effect. The facts of that case, however, make it less supportive of the appellant's argument than *All States Life Ins. Co.* v. *Tillman*, 226 Ala. 245, 146 So. 393 (1933), which specifically holds that an employer is the agent of the insurance company for the purpose of collecting and forwarding monthly premiums payments and that the process by which such payments are deducted from the employee's pay "is payment to the insurer so far as such employee is concerned." (146 So. at 393). Some jurisdictions have reached the same result on the basis of statutes making the employer the agent of the insurer in these circumstances. See, *e.g., Shanks* v. *Travelers Ins. Co.*, 25 F. Supp. 740 (D.C. Okla, 1938); and *General American Life Ins. Co.* v. *Gant*, 119 S.W. 2d 693 (Tex. Civ. App. 1938).

Still other jurisdictions have held, just as specifically, that the employer is not the agent of the insurance company in these circumstances. For example, in the most recent case of which we know dealing with the problem, the Supreme Court of North Carolina held that where an employer had deducted the premium payment from employee's wages, but issued a check to the insurer which was returned for insufficiency, the group policy terminated at the expiration of a grace period. Thus, the employee could not recover expenses which would otherwise have been paid had the policy been in effect when the expenses were incurred. In that case, as here, the employer had continued to deduct the premiums from the employee's wages during the crucial period, and no notice had been given to the employee that the employer had defaulted in payments of premiums due to the insurer. *Boger* v. *Prudential Ins. Co.*, 259 N.C. 125, 130 S.E. 2d 64 (1963). See also, *Boseman* v. *Connecticut General Life Ins. Co.*, 301 U.S. 196, 57 S. Ct. 686 (1937) and *First National Bank of LaMarque* v. *Smith*, 436 F. Supp. 824 (S.D. Tex, 1977).

If this case were one in which we felt we were free to choose whether the employer should be regarded as either the agent of the employee or of the insurer, our temptation would be to say we like the Alabama court's decision in view of the usual position of the employee which is one of lack of notice of the employer's default. We might even find, were we at liberty to do so, some equitable duty on the part of the insurer to notify employees participating in the group policy when there is such a lapse resulting from the employer's failure to pay. Given two such lines of cases and no relevant Arkansas cases, we might also be very much tempted to certify this case to the Arkansas Supreme Court pursuant to rule 29(4)b. However, although there is no Arkansas case directly on point, we find sufficient guidance from our supreme court's decisions which touch on the problem.

In *Neely* v. *Sun Life Ins. Co. of Canada*, 203 Ark. 902, 159 S.W. 2d 722 (1942), our supreme court said a group policy is a third party beneficiary contract even though the employee pays a part of the premium. In *Aetna Life Ins. Co.* v. *Carroll*, 188 Ark. 154, 65 S.W. 2d 25 (1934), our supreme court held that the grace period during which a group policy remains in effect, despite failure to pay the premium, is available to the employer but not to the employee because the contract is between the employer and the insurer and not between the employee and the insurer. In that case the question was whether coverage extended beyond the period of employment. The court held that, in accordance with the terms of the policy, it did not, and thus the life insurance provided under the policy did not extend beyond the termination of employment. There the supreme court made it clear that it might have applied the policy's grace period had the insurance contract been between the insurer and the employee, but it was held that the contract was between the employer and the insurance company. These Arkansas cases were cited and applied in *Hanna* v. *Mt. Vernon Life Ins. Co. of New York*, 260 F. 2d 244 (8th Cir., 1958). There the United States Court of Appeals held that an insurance company had the right to rely upon the failure of the employer to include premiums in its payments to the insurance company for a specific employee and the failure to include the employee's name on a list provided to the company of those employees participating

in the group, and that, therefore, even though premiums had been deducted from the pay of the employee in question by the employer, the employee was not covered.

We hold that because Arkansas law contemplates that a group insurance policy is a contract between the employer and the insurer and not a contract between the employee and the insurer, the employer is not to be regarded as the agent of the insurer for the purpose of collecting insurance premiums from the employee. Therefore, it was not clearly erroneous for the trial court to hold that the policy lapsed before the claim for benefits accrued, and that thus there was no coverage. A.R. Civ. P. 52.

## 2. Waiver.

In *Nat'l Investors Life Ins. Co.* v. *Tudor*, 264 Ark. 361, 571 S.W. 2d 585 (1978), our supreme court held that a forfeiture of a life insurance policy was waived by the insurer because it had not notified the insured of the forfeiture until after the grace period had expired. That was not a group insurance case but involved a direct contract between the insured and the insurer. There, the insurance company had in fact received the premium, but the check for the premium had not been credited to the insured's account because the check was signed by a third party (a representative of the insured's business), and it did not have the name of the insured on it and did not refer to the policy number. Not until after the death of the insured did the insurer refund the money which had been intended as the premium payment and which had been retained by the insurer in an unassigned account. The supreme court said that because no notice was given to the insured that the premium check received was being so held and because the insured had reason to believe the company had accepted the check in payment of premiums due, the forfeiture had been waived. That case is to be distinguished from this one in that no money was ever received by the insurer here for the premiums in question. An additional distinction arises from the fact that in the *Tudor* case the designated beneficiary of the life insurance policy had informed a representative of the insurance company that the check had been mailed, and the company representative said

she would look into the matter. Here, although the employee had no notice from the insurer of the forfeiture or lapse, there was no communication from the insurer which might have tended to lead the employee into thinking his coverage was in effect in spite of the employer's failure to pay the premium. As we said above, we find the contractual relationship here imposed no such duty upon the insurer with respect to the employee.

Our supreme court had made it clear that the question whether there has been a waiver of forfeiture by the insurer based upon an attempt to collect on the insufficient premium check was not inconsistent with the notice of policy lapse, and thus no waiver occurred. We have no basis for saying that conclusion was clearly erroneous. *A.R. Civ. P.* 52.

## Conclusion.

The appellee contends that any culpability in these circumstances must be assigned to the employer, citing *Hanaieff v. Equitable Life Assurance Society of the United States*, 92 A2d 202 (Pa. 1952). While it is not our duty to agree or disagree with that comment, we find we must concur that the insurance company, under the law of this state, may not be held responsible under either the asserted contract theory or the waiver theory for coverage in this case.

Affirmed.